IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STEPHANIE ROCHA § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| WILLIAM WALLS § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff Stephanie Rocha, and files this, her Original Complaint, complaining of and against Defendant William Walls. In support thereof, Plaintiff would respectfully show this Honorable Court as follows:

**I. PARTIES**

1. Plaintiff Stephanie Rocha, an individual, is a citizen of the State of Texas, residing in Henderson, Texas.

2. Defendant William Walls, an individual, is a citizen of the State of Oklahoma and may be served with process at 1556 Belpine Loop Broken Bow, Oklahoma 74728 or wherever he may be found.

**II. JURISDICTION AND VENUE**

3. The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the named Plaintiff and the named Defendant and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) (2) because a substantial part of the events or omissions giving rise to this claim occurred in this

Judicial District.

5. The Court has personal jurisdiction over Defendant Walls because Defendant Walls' acts and/or omissions gave rise to the causes of action asserted herein and the injuries of Plaintiff, which occurred in the State of Texas. As such, Defendant Walls has sufficient minimum contacts with the State of Texas in order to confer personal jurisdiction over Defendant Walls in this case.

### III. FACTS

6. This lawsuit results from a motor vehicle collision that occurred on January 26, 2023 at approximately 6:54 p.m. in Tyler, Texas. At the time of the subject collision, Plaintiff was operating a 2022 Toyota Camry and was lawfully traveling westbound on Loop 323 in Tyler, Texas. At the same time, Defendant William Walls was driving a 2018 Chevrolet Silverado directly behind Plaintiff's vehicle.

7. Immediately before the subject collision, Plaintiff began slowing due to traffic ahead of her.

8. At the time of the subject collision, Defendant Walls failed to control his speed, failed to maintain a proper lookout, and failed to maintain an assured clear distance, violently colliding with the rear of Plaintiff's vehicle. The subject collision caused Plaintiff's vehicle to collide with the rear of the vehicle in front of hers. The officer investigating the collision cited Defendant Walls for failure to control his speed and listed Defendant Walls' failure to control his speed as the sole contributing factor in causing the subject collision.

9. As a proximate result of the collision and Defendant Walls' negligent and grossly negligent acts and/or omissions, as complained of more fully herein, Plaintiff suffered severe personal injuries.

## IV. COUNT ONE: NEGLIGENCE OF WILLIAM WALLS

10. The occurrence made the basis of this lawsuit and the resulting injuries to Plaintiff were proximately caused by Defendant Walls' negligent and negligent *per se* acts and/or omissions, including, but not limited to, one or more of the following:

    a. Failing to control his speed in violation of Tex. Transp. Code § 545.351(b) (1)-(2);

    b. Failing to maintain an assured clear distance between Defendant's vehicle and Plaintiff's vehicle in violation of Tex. Transp. Code § 545.062(a);

    c. Failing to apply his brakes properly and timely as a reasonably prudent driver would have under the same or similar circumstances;

    d. Failing to keep such lookout as a reasonably prudent driver would have under the same or similar circumstances;

    e. Failing to pay the degree of attention that a reasonable person exercising ordinary prudence would under the same or similar circumstances;

    f. Driving while distracted and/or using a mobile or handheld device while driving;

    g. Driving the vehicle without regard for the safety and welfare of other persons or property as an ordinarily prudent person would have under the same or similar circumstances;

    h. Operating the vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances; and

    i. Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Tex. Transp. Code § 545.401.

11. Each and all of the acts and/or omissions of Defendant Walls, singularly or in combination with others, constituted negligence, gross negligence, and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## V. COUNT TWO: GROSS NEGLIGENCE

12. Plaintiff realleges paragraphs 1 through 11 and incorporates them by reference herein.

13. Defendant William Walls' negligence as alleged above was of such character as to make him guilty of gross negligence. Defendant's conduct heedlessly and recklessly disregarded Plaintiff's rights and involved such an entire want of care as to indicate that it was a result of conscious indifference to her rights, welfare, and safety.

## VI. COMPENSATORY DAMAGES

14. Plaintiff realleges paragraphs 1 through 13 and incorporates them by reference herein.

15. Plaintiff, as a direct and proximate result of the negligent conduct of Defendant Walls, sustained serious bodily injuries. Plaintiff believes that some of her injuries are permanent in nature and have had serious effects on her health and well-being. It has been necessary for Plaintiff to pay or incur reasonable and necessary medical expenses in the past and it is probable that she will incur reasonable and necessary medical expenses for the treatment of her injuries in the future. In connection with such injuries, Plaintiff has suffered the following damages:

   a. Medical expenses incurred in the past;

   b. Medical expenses that, in reasonable probability, Plaintiff will incur in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering that, in reasonable probability, Plaintiff will sustain in the future;

   e. Mental anguish in the past;

   f. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

   g. Physical impairment in the past; and

      h.      Physical impairment that, in reasonable probability, Plaintiff will sustain in the future.

16.      Plaintiff seeks fair and reasonable compensation for her damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## VII. EXEMPLARY DAMAGES

17.      Plaintiff realleges paragraphs 1 through 16 and incorporates them by reference herein.

18.      As a result of Defendant's grossly negligent conduct as described above and pursuant to Texas Civil Practice & Remedies Code § 41.003(a), Plaintiff is entitled to exemplary damages from Defendant Walls in such an amount as may be found to be proper under these facts and circumstances.

## VIII. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that Defendant be summoned to appear and that, upon final trial of this cause, Plaintiff have:

    a.  actual damages within the jurisdictional limits of this Court;

    b.  exemplary damages;

    c.  pre-judgment and post-judgment interest at the maximum rate for the maximum period allowed by law;

    d.  costs of Court; and

    e.  all such other and further relief to which Plaintiff may show herself justly entitled.

[Signature block on the following page]

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH

*/s/ Tamer T. Abouras*
M. RAYMOND HATCHER — Lead Counsel
State Bar No. 24002243
rhatcher@sloanfirm.com
TAMER T. ABOURAS
State Bar No. 24112456
tabouras@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEYS FOR PLAINTIFF